SANTEE RIVER COMPANY *vs.* GEORGE E. WEBSTER.

PROVIDENCE—FEBRUARY 14, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Attachment. Bonds to Release.*

The bond given to release an attachment by trustee process, under Gen. Laws R. I. cap. 253, §§ 23-25, should be given to the officer who served the writ.

(2) *Attachments. Bonds to Release. Liability of Clerk.*

Where a defendant offers a good bond under Gen. Laws R. I. cap. 253, §§ 23-25, it is the duty of the clerk or officer to accept it. In so doing, having used due care and reasonable discretion, he incurs no personal liability.

(3) *Mandamus. Clerk of Court.*

The duty of the clerk of the court to which the writ is returnable to accept the bond given under Gen. Laws R. I. cap. 253, §§ 23-25, to release an attachment by trustee process, is so far a ministerial duty that *mandamus* can be invoked.

MANDAMUS against clerk of Common Pleas Division. Heard on demurrer to return. Demurrer sustained.

STINESS, C. J. The return to the petition sets up two grounds of answer.

1. That it does not appear in Gen. Laws, cap. 253, § 25, to whom the bond should run.

The plain import of section 23 is that the bond shall be given to the officer who served the writ. Section 25 provides that " such bond," that is, the bond to the officer, shall be delivered to the clerk of the court, if the writ shall have been returned to court. Upon such an interpretation of the statute the clerk of this Division has received bonds running to the officer.

2. That the clerk cannot accept the bond and discharge the attachment without incurring personal liability, even with the exercise of due care.

Section 25 clearly provides that after return of the writ into court ; " or in case the officer who served such writ shall from any cause be unable to perform the duties mentioned in

section 24," the clerk of the court to which the writ is returnable shall proceed in the manner provided in sections 23 and 24.

The clerk, then, is to do what the officer would do. He is to examine the bond to see if it is satisfactory. If it is, he is to accept it and give a certified copy of the writ with an endorsement setting forth that he has accepted the bond and released the attachment.

The purpose of the act is to release an attachment by trustee process in the same way that an attachment of goods and chattels is released by the giving of a bond. The clerk, like the officer, is bound to see that the bond is satisfactory in form and sureties, but, having done this with reasonable care, if he is satisfied that the bond is good he is bound to accept it and discharge the attachment ; otherwise the purpose of the statute would be defeated. The acceptance of the bond is like the acceptance of bail. An officer is not an insurer of the solvency of bail, or of sureties on a bond to release an attachment. He must use reasonable discretion to secure a good bond, but he is not liable if, having done so, the surety should prove not to be good. Mechem on Pub. Officers, §§ 761, 762.

If the defendant offers a good bond, it is the duty of the officer, or clerk, as the case may be, to accept it. In so doing, having used due care and reasonable discretion, he incurs no personal liability any more than he does in the performance of any other official act.

(3)     The facts being admitted, that the surety company offered is authorized to do business in this State and is entitled to credit, the duty of the clerk to accept the bond and discharge the attachment is so far a ministerial duty that *mandamus* can be invoked.

The demurrer to the return is sustained.

*J. W. Hogan*, for petitioner.

*Geo. E. Webster, pro se.*